UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TARA M. S.,<br><br>                Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>                Defendant. | CASE NO. C24-5898-BAT<br><br>**ORDER REVERSING AND REMANDING** |

Plaintiff appeals the ALJ's November 15, 2023, decision finding her not disabled. In February 2022, Plaintiff applied for disability insurance benefits alleging disability starting January 1, 2020. Tr. 18. After conducting a hearing, the ALJ issued a written decision finding Plaintiff's fibromyalgia, migraines, depressive disorder, and anxiety disorder are severe impairments; Plaintiff retains the residual functional capacity (RFC) to perform light work with additional physical, environmental and mental limitations; and Plaintiff is not disabled because she can perform other work that exists in significant numbers in the national economy. Tr.18-29.

Plaintiff contends the Court should reverse and remand the case because the ALJ improperly rejected her testimony about her migraine headaches. Dkt. 8 at 6. The Commissioner disagrees and argues the ALJ reasonably discounted Plaintiff's testimony. Dkt. 10 at 5. For the reasons below, the Court finds the ALJ harmfully erred, and **REVERSES** the Commissioner's

ORDER REVERSING AND REMANDING - 1

final decision and **REMANDS** the case for further administrative proceedings under sentence four of 42. U.S.C. § 405(g).

## DISCUSSION

The Court can reverse the ALJ's decision only if it is not supported by substantial evidence in the record, if the ALJ applied the wrong legal standard, and if the ALJ's errors are harmful. *Molina v. Astrue,* 674 F.3d 1104, 1110-12 (9th Cir. 2012). The relevant inquiry "is not whether the ALJ would have made a different decision absent any error…[but] whether the ALJ's decision remains legally valid, despite such error. *Carmickle v. Commissioner, Social Security Administration*, 533 F.3d 1155, 1162-63 (9th Cir. 2008).

The ALJ found Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms. Tr. 24. The ALJ did not find malingering and was thus required to provide clear and convincing reasons to discount Plaintiff's testimony. *See Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022). The ALJ's reasons must be "sufficiently specific to allow a reviewing court to conclude the adjudicator rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit a claimant's testimony regarding pain." *Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015); *see also Laborin v. Berryhill*, 867 F.3d 1151, 1155 (9th Cir. 2017) (the ALJ must identify *which* testimony the ALJ found not credible and explain *which* evidence contradicted that testimony). General findings and conclusory statements without supporting evidence are thus insufficient. *Brown-Hunter,* 806 F.3d at 494.

Plaintiff argues the ALJ erroneously rejected her testimony based upon a boiler-plate statement that her testimony was not entirely consistent with the medical evidence and other evidence, and by failing to articulate what specific evidence contradicted Plaintiff's testimony

and why such evidence was contradictory. Dkt. 8 at 5-6. The Commissioner argues substantial evidence of record reasonably supports the ALJ's determination to discount Plaintiff's testimony and the Court should affirm the Commissioner's final decision. Dkt. 10.

At the hearing conducted by the ALJ, Plaintiff testified she suffers migraines at least once a week, and up to eight to ten per month. Tr. 123. She described her migraines as "not easy to deal with" and that she usually needed a dark space and sleep to get through them. Tr. 123. She stated when she has a migraine, it usually starts upon awakening in the morning, and her symptoms last for the entire day, sometimes extending into the next day. Tr. 124. When asked if she could work while having a migraine, Plaintiff said "no way." Tr. 124. Plaintiff also stated when she has a migraine, she has to cover an eye to see anything, but noted it "doesn't really help because you can't see what you're doing." Tr. 128.

The ALJ did not discuss the substance of Plaintiff's hearing testimony and first found "the claimant's statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." Tr. 24. The Ninth Circuit calls such language an insufficient "boilerplate statement" that fails to "identify what parts of the claimant's testimony were not credible and why." *Lambert v. Saul,* 980 F.3d 1266, 1277 (9th Cir. 2020) (quoting *Treichler v. Commissioner of Social Sec. Admin.*, 775 F.3d 1090, 1103 (9th Cir. 2014).

After making the boiler-plate statement, the ALJ summarized the medical evidence, taking care to mention Plaintiff's gait, range of motion, and strength in support of his RFC determination. Tr. 24-25. However, the ALJ's summary failed to include the medical examination that Plaintiff's neurologist performed in October 2023 which documented her migraine symptoms and detailed the different medications Plaintiff had tried without relief. Tr.

98-102.

The ALJ's omission of relevant medical evidence regarding migraines and failure to discuss Plaintiff's testimony does not satisfy the clear and convincing standard required to discount Plaintiff's testimony. *See, e.g., Brown-Hunter*, 806 F.3d at 494 (holding that an ALJ does not provide specific, clear, and convincing reasons for rejecting a claimant's testimony by simply reciting the medical evidence in support of their RFC determination); *Burrell v. Colvin*, 775 F.3d 1133, 1139 (9th Cir. 2014) (finding legal error where the ALJ "never connected the medical record to claimant's testimony" nor made "a specific finding linking a lack of medical records to claimant's testimony about the intensity of her…pain"). It is undeniable that to reject a plaintiff's symptom testimony, said testimony must first be discussed in relation to the evidence in the record.  Here, however, the ALJ failed to discuss Plaintiff's hearing testimony and failed to acknowledge or discuss medical evidence which tended to support her testimony.

The ALJ's discussion of Plaintiff's testimony about her migraine symptoms is very limited. The ALJ noted Plaintiff was never hospitalized for her migraines. Tr. 25. This is an insufficient ground to discount Plaintiff's testimony. The ALJ found Plaintiff's migraines are severe impairments. There is thus no dispute Plaintiff suffers from migraines and that they affect her ability to perform work activity. There is also no dispute Plaintiff's medical records document she suffers from migraines and that numerous medications have been tried without success. The ALJ has not pointed to any medical evidence that indicates Plaintiff's migraines are insignificant or that her migraines are a minor condition simply because she has not been hospitalized. Thus, the fact Plaintiff has not been hospitalized, alone, does not logically or reasonably undermine her testimony regarding the impact migraines have on her ability to work.

The ALJ also indicated there was no objective imaging or testing regarding migraines.

ORDER REVERSING AND REMANDING - 4

1   Tr. 25. This is also an invalid reason to discount Plaintiff's testimony as an ALJ may not "reject

2   a claimant's subjective symptom complaints based solely on the lack of medical evidence to

3   fully corroborate the alleged severity of pain." *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir.

4   2005). A claimant is not required to produce "objective medical evidence of the pain or fatigue

5   itself, or the severity thereof." *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014) (quoting

6   *Smolen v. Chater*, 80 F.3d 1273, 1282 (9th Cir. 1996)).

7           The lack of objective imaging or testing does not contradict Plaintiff's pain testimony,

8   especially since there is no objective test or imaging scan that can assess the severity of a

9   claimant's headaches. The Commissioner's Rulings in fact recognizes this stating "an

10  unremarkable MRI is consistent with primary headache disorder." SSR 194p; *see also Cortez v.*

11  *O'Malley,* 2024 WL 982686 at * 6 (D. Nev. March 7, 2024) ("Using lack of MRI findings as

12  objective evidence to discredit Plaintiff's symptom complaints was an error by the ALJ.").

13          The Commissioner argues the ALJ reasonably discounted Plaintiff's testimony for

14  several other reasons. The Commissioner contends the ALJ found the clinical observations noted

15  by Plaintiff's examiners contradict Plaintiff's testimony. However, the clinical observations the

16  ALJ discussed do <u>not</u> include any observations made by clinicians as to Plaintiff's migraines. Tr.

17  25. Hence the Court rejects the contention that the ALJ made findings regarding clinical

18  observations as to Plaintiff's migraines.

19          The Commissioner, nonetheless, argues the record contains physical examination

20  findings that contradict Plaintiff's claims of acute distress or light sensitivity, and that Plaintiff

21  found some relief from her migraine attacks by taking the medication Nurtec. But the ALJ's

22  decision, makes no mention of such physical exam findings or the Nurtec treatment noted by the

23  Commissioner. The ALJ's sole reference to Plaintiff's migraine treatment is a statement that she

ORDER REVERSING AND REMANDING - 5

received a Botox injection in June of 2021, at which time she reported experiencing headaches six days per week. Tr. 24.

The Commissioner's argument thus asks the Court to affirm the ALJ's decision based upon factual determinations the ALJ did not mention or make in his decision. The Court cannot "affirm the decision of an agency on a ground the agency did not invoke in making its decision" and is "constrained to review the reasons the ALJ asserts*.*" *Stout v. Commissioner, Social Sec. Admin.,* 454 F.3d 1050, 1054 (9th Cir. 2006) (quoting *Pinto v. Massanari,* 249 F.3d 840, 847 (9th Cir. 2005) and *Connett v. Barnhart,* 340 F.3d 871, 874 (9th Cir. 2003), respectively).

The Court emphasizes the importance of affirming the ALJ based upon determinations the ALJ made and not upon factual determinations the ALJ did not make but that simply exist in the record. The Commissioner contends that at numerous visits, Plaintiff was not in acute distress, and this contradicts her testimony about her migraines. Apart from the fact the ALJ never made this finding, many of the records upon which the Commissioner relies do not appear to be migraine treatment records, and the Commissioner omitted the treatment records of Robert Rubenstein, M.D. who Plaintiff was referred to for evaluation and treatment of her migraine headaches. Tr. 98. Dr. Rubenstein noted Plaintiff suffers from headaches 28 days a month that last the entire day and cause severe throbbing. *Id*. The doctor also noted Plaintiff has "tried and failed" trazadone, topiramate and Botox, sumatriptan and rizatriptan. Dr. Rubenstein indicated "in regard to her chronic migraines I would like to see what she gets to verapamil. If ineffective will look toward a trial of an anti-CGP medication." Obviously, a factfinder would be required to acknowledge and weigh all of this evidence. The Court, however, declines to weigh and assess the evidence regarding migraine headaches, in the first instance on appeal, when the ALJ himself failed to do so.

ORDER REVERSING AND REMANDING - 6

The Court according finds the ALJ harmfully erred in discounting Plaintiff's testimony about her migraines, and the case should be remanded. As Plaintiff's migraine headache testimony and the medical record relevant to such testimony was not fully and properly assessed, and must be reweighed on remand, the Court finds remand for further proceedings, is both appropriate and necessary.

## CONCLUSION

For the foregoing reasons, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the case for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ shall assess Plaintiff's testimony in view of all of the evidence of record, develop the record and redetermine RFC as needed, and proceed to the remaining steps of the disability determination process as appropriate.

DATED this 14th day of March, 2025.

BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER REVERSING AND REMANDING - 7